# Important Privacy Notice

Federal Rule of Civil Procedure 5.2 prohibits litigants in a non-habeas proceeding from submitting documents that contain personal information. Unless the Court orders otherwise, <u>personal identifying information in Court filings must be limited as follows</u>:

• Social security numbers, taxpayer-identification numbers, and financial **account numbers must include only the last four digits** (e.g., xxx-xx-1234)

• Birth dates must **include the year of birth only** (e.g., xx/xx/2000)

• Names of persons under the age of 18 must be indicated by **initials only** (e.g., A.B.)

You are responsible for protecting the privacy of this information in your filings. If your documents, including attachments, contain any information that does not comply with this rule, please black out that information before sending your documents to the Court.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Justin Mohn
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Miguel Cardona, in his official capacity

as Secretary of the United States

Department of Education,

_____

And

_____

The United States Department of Education

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial:  ☒ Yes    ☐ No

(check one)

**I.     Parties in this complaint:**

A.     List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name                Justin Mohn
              Street Address      145 Upper Orchard Drive
              County, City        Bucks County, Levittown
              State & Zip Code    Pennsylvania, 19056
              Telephone Number    719-432-8416

*Rev. 10/2009*

B.   List all defendants.  You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant can be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
- Name: Miguel Cardona
- Street Address: 400 Maryland Ave, SW
- County, City: Washington, DC
- State & Zip Code: Washington, DC 20202

Defendant No. 2
- Name: United States Department of Education
- Street Address: 400 Maryland Ave, SW
- County, City: Washington, DC
- State & Zip Code: Washington, DC 20202

Defendant No. 3
- Name: ____
- Street Address: ____
- County, City: ____
- State & Zip Code: ____

Defendant No. 4
- Name: ____
- Street Address: ____
- County, City: ____
- State & Zip Code: ____

**II.   Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
   ☒ Federal Questions        ☒ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, Higher Education Act (HEA) and its amendments, 20 U.S.C. § 1001, et seq. This Court has jurisdiction over this case as it arises under federal law. 28 U.S.C. § 1331. And the venue is proper because Plaintiff resides in this district and no real property is involved in the action. 28 U.S.C. § 1391(e)(1).

C.  If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship __Pennsylvania_____

Defendant(s) state(s) of citizenship __Washington, DC_____

### III. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how <u>each</u> of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  Where did the events giving rise to your claim(s) occur? __Plaintiff, the borrower of the loan, was located in Pennsylvania and lived at the same address as listed for Plaintiff at the top of this form. The Defendant is located in Washington, DC.__

B.  What date and approximate time did the events giving rise to your claim(s) occur? __The loan began servicing in 2010 for college courses which began in 2010. Plaintiff was not required to make payments until 6 months after graduation in May of 2014.__

C.  Facts: __Please see attached paper.__

[What happened to you?]

[Who did what?]

[Was anyone else involved?]

[Who else saw what happened?]

*Rev. 10/2009*                - 3 -

Facts

The United States Department of Education administers federal student financial aid through the Higher Education Act. Upon graduating from high school in 2010, Plaintiff enrolled in college courses at Penn State University. To pay for this education, Plaintiff's parents arranged a federal student loan for Plaintiff with the U.S. Department of Education sometime during 2010. This loan was originally serviced by FedLoan servicing but transferred to MOHELA in November of 2021. In May of 2014, Plaintiff graduated from Penn State University with a B.S. in Agribusiness Management, one of the business majors offered by Penn State. Plaintiff's $200 monthly loan payments for this federal student loan automatically began 6 months after his graduation according to the loan terms his parents and the Department of Education and or loan servicer agreed upon. Plaintiff was not made aware of the income driven repayment plan option until many years later by a mail notification. Plaintiff had a very difficult time finding a career after graduation, he could not find a full-time job in Pennsylvania due to a poor job market, and was only able to obtain part-time jobs at Barnes and Noble in November of 2014 and later at Spirit Financial Credit Union in December of 2014 alongside a majority of coworkers and bosses who did not have college degrees but rather only high school diplomas. Regardless, due to Plaintiff's ambition, work ethic, and financial frugality, Plaintiff was able to save about $7,000 working part time at Spirit Financial Credit Union while living at home with his parents, not paying rent, and making monthly payments on his student loan of $200 a month. Plaintiff's job applications after graduation from 2014 onward, which include many applications to roles with the federal government, can and will be supplied to support his claims.

Plaintiff then moved to Colorado, alone, in October of 2015 in hopes of finding a full-time job and establishing a life in Colorado Springs. Plaintiff was successful in finding a fulltime job at Ent Credit Union in November of 2015, however, only at a wage of $13 per hour, and once again amongst a majority of coworkers and bosses with less formal education than Plaintiff. This relatively low income combined with Plaintiff's student loan payments disallowed Plaintiff from living in a single apartment, and forced Plaintiff to live with roommates he had never met before – which forced interactions with the local police over domestic complaints, causing quality of life damages. Regardless, once again, due to Plaintiff's ambition, work ethic, and financial frugality, Plaintiff found another full-time job at Credit Service Company for $13 per hour plus commission in July of 2016. Plaintiff then found another full-time job at Progressive Insurance for $16 per hour in October of 2016. This slightly higher wage finally allowed Plaintiff to afford a single apartment without roommates. In September of 2017, Plaintiff was finally made aware of income-driven payment plans offered by the Department of Education which he applied for and lowered his monthly student loan payments to $160 a month.

To Plaintiff, it seemed his hard work ethic was finally paying off, and, despite once again working (at Progressive) amongst a majority of coworkers and bosses with less formal education than Plaintiff, he was getting a chance at the American dream – or so it seemed. Without going into all the facts of the lawsuit *Mohn v Progressive Insurance*, which was filed in April of 2018 in the District Court of Colorado, Plaintiff was also the plaintiff of the aforementioned lawsuit. Plaintiff complained that he was harassed, discriminated against, and wrongfully terminated by Progressive. Plaintiff was able to prove he was outperforming and more educated than his coworkers, but he and other men were discriminated against in the workplace. Despite Plaintiff's evidence as well as evidence withheld by the Defendant during discovery, the District Court of Colorado refused to compel the Defendant to produce discovery, refused to grant Plaintiff summary judgement in his favor, and instead granted judgement in favor of the defendant in June of 2019. The outcome of *Mohn v Progressive Insurance* can only be interpreted that the federal courts, (at least those in Colorado), believe that women and minorities cannot compete with overeducated, outperforming white men in the workplace, and so affirmative action must be applied to white men under Equal Employment Opportunity Commission (EEOC) laws to ensure equality. Just to be clear, that is the belief of Colorado's federal courts when interpreting Mohn v Progressive, not Plaintiff's beliefs.

Plaintiff can divulge more details of *Mohn v Progressive* if requested by this Court or the documents of that case can be accessed on sites such as pacer@psc.uscourts.gov, however, the outcome and interpretation of the aforementioned case combined with his student loan payments and a poor job market sent Plaintiff into ever surmounting debt with other creditors during times of unemployment after *Mohn v Progressive* (during which times the income driven repayment plan made Plaintiff's student loan payments $0 per month). Even though the State of Colorado awarded Plaintiff unemployment benefits for his wrongful, discriminatory termination from Progressive, it was not nearly enough money to continue supporting himself alone in Colorado. This led to the inability for Plaintiff to pay his student loan, harm to his credit, forced him to move back to Pennsylvania and live with his parents midway through an apartment rent contract he had in Colorado, caused significant quality of life damages, mental anguishes, emotional distress, took away what little financial freedom, social mobility, and independence he had, as well as ultimately paints a bleak picture of the America dream in modern times.

Plaintiff's years of student loan payments after graduation which totaled to about $4000 started a snowball effect of debt from other creditors which seemingly would not have occurred if he instead had that $4000 extra in savings. Additionally, the loan payments forced Plaintiff to constantly be looking for better and better jobs, only to find himself working alongside coworkers and even under bosses with less formal education than him but who didn't have to pay for student loans. While Plaintiff maintains he was

discriminated against and wrongfully terminated from Progressive Insurance, he may have been less inclined to sue Progressive had he not been living paycheck by paycheck due to his student loan payments, and of course, potential employers become less inclined to hire or retain employees when they learn of an employee suing previous employers. Plaintiff can and will supply financial statements from as far back as at least 2015 to support his claims.

Although at the time the student loan was given to Plaintiff, the U.S. Department of Education may not have been aware that Plaintiff would outperform and be more educated than his coworkers in the future which would lead to lawsuits, the Department of Education should have been aware of affirmative action under EEOC laws as well as America's growing trend of a poor job market for recent college graduates. If the federal government believes equality means allowing and encouraging the harassment, discrimination, and wrongful termination of white men, then Plaintiff's federal student loan was quite predatory in nature, possibly even constituting a tort, especially since employers' perspectives of Plaintiff as an overeducated white male may have contributed to affirmative action against him. However, if this Court does not wish to proverbially step on the feet of the Colorado judges of *Mohn v Progressive* as the reason to grant Plaintiff relief for his predatory student loan from the Department of Education, this Court can uphold the perspective that the US job market and living costs will predictably set up many recent college graduates with student loan payments (such as Plaintiff) for immediate failure, cause quality of life damages, mental anguishes, emotional distress, and damage our futures unbeknownst to the borrower at the time of taking out the student loan – which the Department of Education did not take into consideration or disclose to Plaintiff. The Department of Education hid and or misrepresented the risks and or appropriateness of Plaintiff's federal student loan, and misapplied the Higher Education Act to make Plaintiff's life worse off had Plaintiff not went to college paid for by the loan in question.

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Mental anguishes, emotional distress, loss of quality of life damages. Damages to finances and credit including the inability to pay back a line of credit with a balance of over $3400, a credit card with a balance of over $6900, and a rent agreement of over $4,600 which has lowered Plaintiff's credit score from 757 down to 641. Inability to repay student loan with a balance of over $12,000 not counting $4000 already paid for a total principal of $16250. None of these debts existed until after Plaintiff began making payments on this student loan.

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. Plaintiff requests the Court to order Defendant to pay $10 million USD to Plaintiff for the above-mentioned injuries. This Court is authorized to grant the relief requested in this case pursuant to the APA, 5 U.S.C. § 706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the HEA, 20 U.S.C. § 1082. Furthermore, the Court may interpret the reaches of 15 U.S.C. Chapter 41 and or 15 U.S. Code § 1650 to grant relief. The Court may additionally consider ordering Defendant to discharge/forgive Plaintiff's student loan, as well as reimburse Plaintiff the principal amount he has already paid.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __1__ day of __March_____ , 20 __22__ .

Signature of Plaintiff  *Justin Mohn*  _____

Mailing Address  __145 Upper Orchard Drive_____

__Levittown, PA__                              _____

__19056__                                      _____

Telephone Number  __719-432-8416_____

Fax Number *(if you have one)* _____

E-mail Address  __justindmohn@gmail.com_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____