**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| JUSTIN MOHN | : | CIVIL ACTION | |
| | : | | |
| v. | : | NO.  22-773 | |
| | : | | |
| MIGUEL CARDONA, *et al.* | : | | |

## MEMORANDUM

KEARNEY, J.                                                                                          April 14, 2022

Justin Mohn agreed to borrow federal student loan money twelve years ago to finance his college education. He graduated college and worked for several years before losing his job. He claims the Department of Education encourages high school students to attend college but does not advise students of the risks of a college education financed through student loans. He now claims he cannot find employment eight years after graduating college as an overeducated white male burden with a monthly repayment of $80.45 for his student loans. He attributes his inability to find a job today, and consequently his inability to pay his student loan obligations, to the Department's negligent and fraudulent misrepresentations and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. We dismissed his complaint last month for failing to state a claim consistent with our obligation to screen claims we allow to proceed without paying the filing fees. Justin Mohn pro se returns with an amended Complaint against the Department of Education and its Secretary Miguel Cardona. Congress requires we again screen his claims. He again fails to state a claim. We lack jurisdiction over Mr. Mohn's action against the United States. The United States and its agency, the Department of Education, are immune from suit. Mr. Mohn does not allege how the United States waived its immunity. We dismiss Mr. Mohn's amended Complaint without prejudice to assert claims if possible consistent with Rule 11 after exhausting administrative remedies or under mandamus.

I.      **Alleged pro se facts.**

Justin Mohn obtained federal student loans from the Department of Education in 2010 to finance his college education at Pennsylvania State University.[1] He graduated in 2014 with a bachelor's degree in Agribusiness Management but could not find a job in the field.[2] Mr. Mohn's loan payments of $165 per month began six months after his 2014 graduation.[3] He could not find a full-time job in any field. He worked part-time jobs and made monthly student loan payments.[4]

Mr. Mohn moved to Colorado in 2015.[5] He accepted a full-time job at a credit union earning $13 per hour which he claims is the same wage paid to his less educated co-workers.[6] Mr. Mohn claims his low income combined with this obligation to repay his student loans caused him "quality of life damages."[7] By October 2016, Mr. Mohn accepted a full-time job at Progressive Insurance earning a slightly higher hourly wage.[8] Although Mr. Mohn claims he began to experience "mental anguishes, emotional distress, and loss of quality of life" after his 2015 move to Colorado, he explains "these injuries did not seem to warrant a cause of action at that time."[9] He alleges he would not have sued the Department of Education "if his student loan and college degree benefits eventually outweighed the costs in the following years."[10] But eventually the "injuries to his finances, emotional distress, mental anguishes, and loss of quality of life damages became so grievous as to warrant a cause of action and thus this complaint."[11]

Progressive Insurance fired Mr. Mohn in August 2017. Mr. Mohn sued Progressive Insurance in the United States District Court for the District of Colorado alleging harassment, discrimination, and wrongful termination on the basis of his sex in violation of Title VII.[12] In his Colorado action, Mr. Mohn alleged Progressive promoted women without college degrees over him. He alleged Progressive perceived him as an "overeducated/overqualified male" and paid him less money, deprived him of paid time-off benefits, and deprived him of priority in choosing job

roles and schedules than less educated women. But Judge Krieger granted summary judgment for Progressive, and the Court of Appeals for the Tenth Circuit affirmed.[13] The United States Supreme Court denied Mr. Mohn's petition for certiorari on August 24, 2020.[14]

Mr. Mohn returned to Pennsylvania to live with his parents.[15] He alleges the move back to Pennsylvania caused "significant quality of life damages, mental anguishes, emotional distress, [and] took away what little financial freedom, social mobility, and independence he had."[16] He alleges the loss of his Progressive job caused him to stop paying his student loans.[17]

### Mr. Mohn sues Secretary Cardona and the Department.

Mr. Mohn then sued Secretary Cardona, in his official capacity, and the Department on March 1, 2022.[18] We granted his petition to proceed *in forma pauperis*.[19] He alleged (a) the Department's student loan is "predatory"; (b) the Department "hid and or misrepresented the risks and or appropriateness of [his] federal student loans"; and (c) the Department misapplied the Higher Education Act[20] "to make his life worse off" had he not attended college funded by the student loan.[21] He sought ten million dollars in damages, an order directing the Department to discharge or forgive his student loan, and reimbursement for the principal amount he already paid.

We screened Mr. Mohn's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), applying the same standard used under Federal Rule of Civil Procedure 12(b)(6).[22] We liberally construed Mr. Mohn's complaint as raising four claims: (1) negligent misrepresentation; (2) fraudulent concealment; (3) fraudulent nondisclosure; and (4) misapplication of the Higher Education Act.

We dismissed the negligent misrepresentation claim for failing to allege an affirmative material misrepresentation; dismissed the fraudulent concealment claim for failing to allege intent or a special relationship giving rise to a duty; dismissed the fraudulent nondisclosure claim for failing to allege a relationship triggering a duty; and dismissed the Higher Education Act claim because there is no private right of action under the Act.[23] We allowed Mr. Mohn to timely amend

his complaint to show how his time-barred claims merit an exception and to plead facts in good faith allowing us to plausibly infer claims consistent with Rule 11.

### Mr. Mohn's amends his Complaint.

Mr. Mohn returns with an amended Complaint.[24] He reasserts his claims for negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment. He discontinued his claim under the Higher Education Act but brought a new claim alleging the Department's "deceptive conduct" in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[25] He again seeks ten million dollars in damages, an order directing the Department to discharge or forgive his student loans, and reimbursement for the principal he already paid on the student loans.

## II.   Analysis

We must screen Mr. Mohn's amended Complaint as required by Congress under section 1915(e)(2)(B). Congress directs we must dismiss a case filed without paying fees if we determine the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[26] Mr. Mohn's claims against the Department of Education, an agency of the United States, must be dismissed because the United States is immune from suit and Mr. Mohn does not allege a waiver by the United States of its immunity.

### A.   The United States is immune from Mr. Mohn's alleged common law tort claims and Pennsylvania's consumer protection law.

We begin with the premise the United States "enjoys baseline immunity from suit."[27] Absent a waiver, the United States, its agencies and their employees acting in their official capacities are immune from suit.[28] "Sovereign immunity is jurisdictional in nature … [and] the 'terms of the [United States'] consent to be sued in any court define that court's jurisdiction to

entertain the suit.'"[29] Consent to be sued "must be unequivocally expressed, and the terms of such consent define the court's subject matter jurisdiction."[30]

Mr. Mohn does not allege how the United States waived its sovereign immunity to his tort claims. Liberally construing Mr. Mohn's complaint, we consider whether his claims may fall within a limited waiver of sovereign immunity provided in the Federal Tort Claims Act.[31] The Federal Tort Claims Act waives sovereign immunity in claims for money damages for certain tortious conduct defined as "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[32] The Federal Tort Claims Act is "the exclusive remedy for most claims against Government employees arising out of their official conduct."[33]

Under the Act, we have jurisdiction over damages claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[34]

If applicable, the Act "itself is the source of federal courts' jurisdiction to hear tort claims made against the Government that meet various criteria: '[T]he district courts … shall have exclusive jurisdiction of civil actions on claims against the United States.'"[35] Our jurisdiction, if we have it, does "*not* come from the general grant of federal-question jurisdiction of 28 U.S.C. § 1331."[36] Our jurisdiction, if it exists, arises from the Federal Tort Claims Act and section 1346.

### 1.   The United States did not waive its immunity for misrepresentation claims.

Mr. Mohn sues the United States Department of Education and Secretary Cardona, in his official capacity, under Pennsylvania tort law.[37] His theory is the Department "actively and

publicly encourages and engages in projects to assist high school students to attend college" but does not provide "the public or individual borrowers such as [Mr. Mohn] any statistics, projections, or warnings of the growingly poor job market for recent college graduates, inform about the Equal Employment Opportunity Commission's (EEOC) affirmative action laws, or the financial effects of a loan that one cannot repay."[38] Mr. Mohn alleges these are negligent and fraudulent misrepresentations and omissions actionable under Pennsylvania common law.[39]

Even construing Mr. Mohn's amended Complaint as alleging claims under the Federal Tort Claims Act, there are exceptions to the limited waiver. Section 1346(b) does ***not*** apply to: "Any claim arising out of … ***misrepresentation*** [or] ***deceit***."[40] This "misrepresentation exception" bars claims for intentional or negligent concealment, misrepresentation, or omission of material fact.[41] "Where the gravamen of a claim is the government's failure to use due care in obtaining and communicating information, this Court lacks jurisdiction."[42] Mr. Mohn's present common law tort claims cannot be maintained under the Federal Tort Claims Act and we dismiss his claims for lack of jurisdiction.[43]

## 2. Even if he could proceed under the Federal Tort Claims Act, Mr. Mohn failed to exhaust his administrative remedies.

Even assuming Mr. Mohn's claims in the amended Complaint are not based on allegations of misrepresentation and deceit by the Department of Education and may possibly arise under the Federal Tort Claims Act, he failed to exhaust his administrative remedies depriving us of jurisdiction.

Mr. Mohn must exhaust his administrative remedies before he can bring suit under the Federal Tort Claims Act in federal court.[44] He must show he (1) presented his "claim to the appropriate Federal agency" and (2) ensured his claims "[were] finally denied by the agency in writing and sent by certified or registered mail."[45] The appropriate administrative agency is the

one allegedly responsible for his injuries; in this case, the Department of Education.[46] Mr. Mohn

bears the burden of demonstrating the Department "actually received" his administrative claim.[47]

We "may dismiss a claim brought under the [Federal Tort Claims Act] for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative

remedies prior to filing suit."[48]

Because the Federal Tort Claims Act "expresses the consent of the United States to be sued

for certain claims, the terms of such consent [including the administrative exhaustion procedure]

define the court's subject matter jurisdiction and must be strictly construed."[49] "In light of the

clear, mandatory language of the statute, and [the] strict construction of the limited waiver of

sovereign immunity by the United States . . . the requirement that the appropriate federal agency

act on a claim before suit can be brought is jurisdictional and cannot be waived."[50]

Mr. Mohn bears the burden of establishing the United States waived its immunity. If he

intends to do so by bringing suit under the Federal Tort Claims Act, he must show he already

exhausted his administrative remedies. Mr. Mohn does not allege he filed any such claim,

complaint, or grievance with the Department. We must strictly construe alleged waivers of the

United States' sovereign immunity in its favor.[51] Mr. Mohn's failure to demonstrate he exhausted

his administrative remedies precludes our review.

### 3. The United States is immune from suit under Pennsylvania's consumer protection statute.

Mr. Mohn alleges the United States violated Pennsylvania's Unfair Trade Practices and

Consumer Protection Law.[52] As analyzed, the United States is immune from suit absent a waiver.

There is no allegation of the United States' waiver of immunity to be sued under Pennsylvania's

Unfair Trade Practices and Consumer Protection Law. We dismiss his amended Complaint for

lack of subject matter jurisdiction.

**B.  Mr. Mohn may not proceed on his other alleged bases for relief**.

Mr. Mohn alleges we are "authorized" to grant him his requested relief—both money damages and injunctive relief—under the Administrative Procedures Act,[53] the Declaratory Judgment Act,[54] the Higher Education Act,[55] the mandamus jurisdiction statute at 28 U.S.C. § 1361, and the Truth in Lending Act.[56] None of these statutes serve as a basis for subject matter jurisdiction either because the statutes do not provide an independent basis for our jurisdiction or because the United States is immune from suit and, even if we had jurisdiction, do not provide a private right of action.

### 1.  The Administrative Procedures Act and Declaratory Judgment Act do not provide an independent basis for subject matter jurisdiction.

Section 702 of the Administrative Procedures Act provides a right of review to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."[57] Section 706 of the Administrative Procedures Act provides for a district court's scope of review in certain circumstances.[58] But the Administrative Procedures Act does not provide an independent grant of subject matter jurisdiction[59] and by its terms applies to "relief other than money damages."[60]

The Declaratory Judgment Act also does not provide an independent basis for subject matter jurisdiction.[61]

### 2.  The Higher Education Act contains a limited waiver of sovereign immunity but there is no private right of action.

The Higher Education Act contains a limited waiver of sovereign immunity, providing the Secretary of Education may "sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions ***arising under this part*** without regard to the amount in controversy,

and action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office; ***but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary*** or property under the Secretary's control ***and nothing herein shall be construed to except litigation arising out of activities under this part from the application of sections …, and 2679 of Title 28***."[62]

There are at least four reasons why the limited waiver of immunity defined by Congress in section 1082(a)(2) of the Higher Education Act does not apply to Mr. Mohn's claims. First, his claims do not "aris[e] under" the Act. As currently pleaded, Mr. Mohn's claims against the Department are based on allegations of negligent and fraudulent misrepresentation regarding the "risks" of taking a student loan. There are no allegations his claims "aris[e] under" Part B of the Act, 20 U.S.C. §§ 1071–1087-4.[63] Part B of the Higher Education Act established the Federal Family Education Loan Program (the "Program"). The Program is "a system of loan guarantees meant to encourage lenders to loan money to students and their parents on favorable terms."[64] The Program "governs loans made to students by private lenders."[65] The Secretary is authorized to "prescribe such regulations as may be necessary to carry out the purposes" of the Program.[66] The Program "regulates three layers of student loan transactions: (1) between lenders and borrowers, (2) between borrowers and guaranty agencies, and (3) between guaranty agencies and the Department of Education."[67] Lenders use their own funds to make loans to students attending post-secondary institutions, the loans are guaranteed by guaranty agencies, and reinsured by the federal government which is the "ultimate guarantor" of the loans.[68] Mr. Mohn's amended Complaint does not allege facts regarding the Department's violation of the type of loan transaction covered by the

Program and, because we strictly construe waivers of sovereign immunity, we find his claims do not come within section 1082(a)(2).[69]

Second, the waiver does not apply to injunctive relief specifically providing "no … injunction … shall be issued against the Secretary." [70] Mr. Mohn seeks relief in the form of an order directing the Secretary and Department to discharge or forgive his student loan debt and reimburse him the principal amount already paid on the loan. By its language, the limited waiver in the Higher Education Act does not apply to injunctive relief.

Third, the limited waiver provides "nothing herein shall be construed to except litigation arising out of activities under this part from the application of … 2679 of Title 28"—the Federal Tort Claims Act. Courts construe this language as Congress requiring the exhaustion of administrative remedies required under the Federal Tort Claims Act.[71]

Fourth, the limited waiver of immunity in section 1082(a)(2) is only the Secretary of Education's consent to be sued and does not create a private cause of action.[72]

### 3.   There is no basis for mandamus jurisdiction.

Congress conditions the grant of mandamus jurisdiction under 28 U.S.C. § 1361 "on the unavailability of adequate alternative remedies."[73] "To qualify for mandamus, however, a litigant must satisfy three requirements that courts have characterized as jurisdictional: (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists."[74] Mr. Mohn fails to allege these elements to justify our mandamus jurisdiction. We will not guess at whether he may have an adequate remedy through the administrative process or in state court.

### 4.   The United States did not waive its immunity under the Truth in Lending Act.

The Truth in Lending Act does not provide an express waiver of sovereign immunity for the Department of Education.[75] Even if the Truth in Lending Act contains a waiver of sovereign immunity, it does not apply to loans "made, insured, or guaranteed pursuant to" the Higher Education Act.[76] The Department is immune from suit and we lack jurisdiction.

## III.   Conclusion

The Department of Education and Secretary Cardona are immune from suit as currently pleaded. Mr. Mohn fails to allege a waiver of the Department's sovereign immunity. Even construing his amended Complaint alleging negligent and fraudulent misrepresentations and unfair trade practices under Pennsylvania law, such allegations do not come within the limited waiver of immunity under the Federal Tort Claims Act. Even if Mr. Mohn's claims came within the Federal Tort Claims Act, he failed to exhaust his administrative remedies by presenting his claim to the Department and ensuring the Department issued a final denial of his claim in writing.

Neither the Administrative Procedures Act nor the Declaratory Judgment Act provide a basis for our subject matter jurisdiction. The Higher Education Act contains a limited waiver of sovereign immunity but only for money damages, not injunctive relief, and there is no private right of action under the Act. The Truth in Lending Act does not waive sovereign immunity and, even if it did, it does not apply to loans made, insured, or guaranteed under the Higher Education Act. Any amendment of Mr. Mohn's complaint under these statutes would be futile.

We cannot forever bar Mr. Mohn's potential remedies under the Federal Tort Claims Act. He does not plead those claims today. And he fails to plead exhaustion. He also does not plead a basis for mandamus, and we do not dismiss a mandamus remedy with prejudice. But his remaining

claims must be dismissed with prejudice as he cannot state a claim under those theories after two

attempts.

---

[1] ECF Doc. No. 9, amended Complaint, § III, B. Mr. Mohn incorporates facts alleged in his original complaint in his amended Complaint. We will refer to the original Complaint's allegations as necessary to fill in the relevant history.

[2] ECF Doc. No. 2 at 5 (using the pagination assigned by the CM/ECF docketing system).

[3] ECF Doc. No. 2 at 5; ECF Doc. No. 9-1 ¶ 1. After qualifying for an "Income Driven Repayment Plan" in January 2018, Mr. Mohn lowered his monthly payment on his student loan to $80.45. *Id.*

[4] ECF Doc. No. 2 at 5.

[5] ECF Doc. No. 9-1 at 7, ¶ 5.

[6] ECF Doc. No. 2 at 5.

[7] *Id.*

[8] *Id.*

[9] ECF Doc. No. 9-1 at 7, ¶ 5.

[10] *Id.*

[11] *Id.*

[12] ECF Doc. No. 2 at 6; *Mohn v. Progressive Ins.*, No. 18-812 (D. Colo.).

[13] *Mohn v. Progressive Ins.*, No. 18-812, 2019 WL 2341559 (D. Colo. June 3, 2019), *aff'd*, 802 F. App'x 391 (10th Cir. 2020), *cert. denied*, 141 S.Ct. 174, 207 L.Ed.2d 1106 (June 29, 2020); *reh'g denied*, 141 S.Ct. 216, 207 L.Ed.2d 1160 (Aug. 24, 2020).

[14] ECF Doc. No. 9-1 at 8, ¶ 5.

[15] ECF Doc. No. 2 at 6.

[16] *Id.*

[17] *Id.*

[18] ECF Doc. No. 2.

[19] ECF Doc. No. 4.

[20] 20 U.S.C. § 1070, *et seq.*

[21] ECF Doc. No. 2 at 7.

[22] ECF Doc. No. 5.

[23] *Id.* We also dismissed Mr. Mohn's claims as barred by the statute of limitations under Pennsylvania law. *Id.* We need not reach the statute of limitations issue because, as analyzed below, we lack jurisdiction over Mr. Mohn's claims against the Department and Secretary Cardona in his official capacity because they are immune from suit absent a waiver.

[24] ECF Doc. No. 9.

[25] 73 Pa. Cons. Stat. §201-1 *et seq.*

[26] 28 U.S.C. § 1915(e)(2)(B).

[27] *Pellegrino v. United States of America Transp. Sec. Admin.*, 937 F.3d 164, 169 (3d Cir. 2019) (citing *Millbrook v. United States*, 569 U.S. 50, 51–52 (2013)).

[28] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Evans-Sampson v. United States Dep't of Justice*, No. 21-1834, 2022 WL 883939, at *2 (3d Cir. Mar. 24, 2022).

[29] *FDIC*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

[30] *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

[31] 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).

[32] 28 U.S.C. § 2679(b)(1). Section § 2679(a) provides: "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." Section 2679(b)(1) provides:

> The remedy against the United States provided by sections 1346(b) … of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ***is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim*** or against the estate of such employee. Any other civil action or proceeding for money damages

arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred (emphasis added).

[33] *Hernandez v. Mesa*, 140 S.Ct. 735, 748, 206 L.Ed.2d 29 (2020) (quoting *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) (footnote omitted)); *Vanderklock v. United States*, 868 F.3d 189, 201 (3d Cir. 2017) (citing 28 U.S.C. § 2679(b)(1)); *Knapp v. United States, Dep't of Health and Human Servs.*, No. 18-1422, 2020 WL 969624, at *3 (M.D. Pa. Feb. 28, 2020) *aff'd*, 836 F. App'x 86 (3d Cir. 2020) (quoting *Vargas v. Eckhardt*, No. 18-12803, 2018 WL 4676050, at *3 (D.N.J. Sept. 28, 2018)).

[34] 28 U.S.C. § 1346(b)(1).

[35] *CAN v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) (quoting 28 U.S.C. § 1346(b)(1)).

[36] *Id.* at 140 (emphasis in original). For this reason, Mr. Mohn's allegation we have jurisdiction based on a federal question under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* is without merit. Mr. Mohn's allegation of jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 is similarly without merit. The United States and its agencies are not a "citizen" for diversity jurisdiction and cannot be sued in diversity. *Commercial Union Ins. Co. v. U.S.*, 999 F.2d 581, 584 (D.C. Cir. 1993) (quoting *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991)); 28 U.S.C. § 1332(a) (identifying the "citizens" over whom district courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000; neither the United States nor its agencies are identified in § 1332(a)).

[37] Mr. Mohn cites the Restatement (Second) of Torts §§ 531 (fraudulent misrepresentation), 533 (fraudulent misrepresentation to a third person), 552 (negligent misrepresentation), 908 (punitive damages) (1977). To the extent Pennsylvania common law adopts these Restatement sections, they are not a basis of jurisdiction because the United States did not waive its immunity from claims of fraudulent or negligent misrepresentation.

[38] ECF Doc. No. 9-1 at 1, ¶ 2.a.

[39] *Id.* at 1–6, ¶¶ 2–4.

[40] 28 U.S.C. § 2680(h) (emphasis added).

[41] *United States v. Neustadt*, 366 U.S. 696, 706–11 (1961).

[42] *Nicklas v. United States*, No. 13-1122, 2014 WL 309323, at * 3 (W.D. Pa. Jan. 27, 2014) (citing *Neustadt*, 366 U.S. at 706, 710–11). In *Nicklas*, the plaintiff sued the United States alleging its negligence caused the death of her husband while under the care of the Veterans Affairs' health system. The plaintiff brought a claim for intentional and negligent infliction of emotional distress claiming Veterans Affairs breached its duty to ensure she received the truth regarding the cause of her husband's death. Judge Schwab construed these claims as arising out of misrepresentations made by a Veterans Affairs physician and dismissed the claims because the "factual

underpinnings" of the claim are "based upon alleged misrepresentations and omissions by a government agent" and barred because the Federal Tort Claims Act has not waived sovereign immunity in this regard. *Id.* at *3-4 (citing 28 U.S.C. § 2680(h)).

[43] *See e.g.*, *Haney v. Brennan*, 390 F. Supp. 3d 633, 644 (E.D. Pa. 2019) (claim for negligent misrepresentation cannot be maintained under the Federal Tort Claims Act).

[44] *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The [Federal Tort Claims Act] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

[45] *United States v. Deuerling*, 210 F. Supp. 3d 717, 720 (W.D. Pa. 2016) (quoting 28 U.S.C. § 2675(a)); *Knapp*, 2020 WL 969624, at * 3 (quoting 28 U.S.C. § 2675(a)).

[46] *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009).

[47] *Knapp*, 2020 WL 969624, at *3 (citing *Lightfoot v. United States*, 564 F.3d 625 (3d Cir. 2009)).

[48] *Knapp*, 2020 WL 969624, at *3.

[49] *Id.* at *6 (quoting *Vargas*, 2018 WL 4676050, at *4) (internal quotation marks omitted).

[50] *Roma v. United States*, 344 F.3d 353, 362 (3d Cir. 2003) (citing *Livera v. First Nat'l Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989)); *Deuerling*, 210 F. Supp. 3d at 720; *Knapp*, 836 F. App'x 86, 89 (3d Cir. 2020) (quoting *Roma*, 344 F.3d at 262).

[51] *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citing *United States v. Williams*, 514 U.S. 527, 531 (1995)) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.").

[52] 73 Pa. Cons. Stat. § 201-1, *et seq.*

[53] 5 U.S.C. § 706.

[54] 28 U.S.C. § 2201.

[55] 20 U.S.C. §§ 1001–1155.

[56] 15 U.S.C. § 1650.

[57] 5 U.S.C. § 702.

[58] *See* 5 U.S.C. § 706.

<sup>59</sup> *Temple Univ. Hosp. v. Sec'y United States Dep't of Health and Human Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977) and *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 125 n.11 (3d Cir. 2012)).

<sup>60</sup> 5 U.S.C. § 702.

<sup>61</sup> *Temple Univ. Hosp.,* 2 F.4th at 132 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) and *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017)).

<sup>62</sup> 20 U.S.C. § 1082(a)(2) (emphasis added).

<sup>63</sup> *See, e.g.*, *Dawson v. Great Lakes Educ. Loan Servs., Inc.*, No. 15-475, 2016 WL 426610, at *5 (W.D. Wisc. Feb. 3, 2016) (finding breach of contract claim does not "arise under" the Higher Education Act and its waiver does not apply).

<sup>64</sup> *Chae v. SLM Corp.*, 593 F.3d 936, 938, n.1 (9th Cir. 2010).

<sup>65</sup> *Id.*

<sup>66</sup> *Id.* at 939.

<sup>67</sup> *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640 (7th Cir. 2015) (citing *Chae*, 593 F.3d at 939).

<sup>68</sup> *Id.*

<sup>69</sup> Mr. Mohn attaches a document to his amended Complaint dated April 19, 2010 which appears to be the Master Promissory Note for his Federal Direct Stafford/Ford Loan. *See* ECF Doc. No. 9-2.

<sup>70</sup> 20 U.S.C. § 1082(2).

<sup>71</sup> *Thompson v. United States Dep't of Educ.*, No. 20-693, 2021 WL 1199493, at *3 (S.D.N.Y. Mar. 30, 2021) (citing 20 U.S.C. § 1082(a)(2) and *Sanon v. Dep't of Higher Educ.*, No. 06-4928, 2010 WL 1049264, at *7 (E.D.N.Y. Mar. 18, 2010), *aff'd sub nom. Sanon v. Dep't of Higher Educ.*, 453 F. App'x 28 (2d Cir. 2011), as amended (Nov. 8, 2011)).

<sup>72</sup> *Jackson v. Culinary Sch. of Washington*, 788 F. Supp. 1233, 1257–58 (D.D.C. 1992), *remanded on other grounds*, 27 F.3d 573 (D.C. Cir. 1994), *petition for certiorari granted and judgment vacated on other grounds*, 515 U.S. 1139 (1995) (Section 1082(a)(2) "does not create a cause of action, but constitutes only the Secretary's consent to be sued, subject to specified terms and conditions, for actions arising from the exercise of his official duties"); *Kemper v. United States Dep't of Educ.*, 285 F. Supp. 3d 145, 149 (D.D.C. 2018) (the Higher Education Act "does not expressly authorize a private right of action, and '[c]ase precedent weighs heavily against granting an implied cause of action'") (quoting *Jackson*, 788 F. Supp. at 1257–58); *Alston v. Pennsylvania State Univ.*, No. 14-2480, 2015 WL 9660019, *4 (M.D. Pa. June 9, 2015) *report and*

*recommendation adopted and approved*, 2016 WL 74795 (M.D. Pa. Jan. 7, 2016) (collecting cases) (although section 1082(a)(2) provides certain administrative remedies against the Department of Education in some limited circumstances, "it has long been recognized that individuals do not have a private right of action under the [Higher Education Act] against a university or the [Department of Education]"); *Ivey v. Duncan*, 13-576, 2014 WL 11256897, at \*6 (D.D.C. Aug. 4, 2014), *report and recommendation adopted*, 2016 WL 1452326 (D.D.C. Apr. 13, 2016) (Act's provision permitting suit against the Secretary of Education is a jurisdictional grant only and does not create a separate cause of action).

[73] *Temple Univ. Hosp.*, 2 F. 4th at 132.

[74] *Id.* (quoting 33 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Judicial Review § 8312 (2d ed. Apr. 2021 update)).

[75] *Russ v. United States Dep't of Educ.*, 364 F. Supp. 3d 1099, 1014 (D. Neb. 2018

[76] *Id.* (quoting 15 U.S.C. § 1603(7)). Mr. Mohn alleges his loan is a Federal Direct Stafford/Ford Loan under the Higher Education Act. *See* ECF Doc. No. 9-2.